Brian K. Brookey, D.C. Bar I.D. 1765285
Honigman LLP
1440 New York Ave NW
Suite 200
Washington, DC 20005-2111
Telephone: 202-521-0556
bbrookey@honigman.com

Amanda Blackburn, MI Bar No. P81687
Honigman LLP
101 North Main Street
8th Floor, Suite 850
Ann Arbor, MI 48104
Telephone: 734-418-4226
ablackburn@honigman.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| STRATEGIC STAFFING SOLUTIONS, L.C., a Florida Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>S3 CONNECTIONS LLC, a New Jersey Limited Liability company,<br><br>    Defendant. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Strategic Staffing Solutions, L.C. ("S3" or "Plaintiff") complains against Defendant S3 Connections ("S3 Connections" or "Defendant") as follows:

## THE PARTIES

1. S3 is a Florida limited liability company with its principal place of business at 645 Griswold, Suite 2900, Detroit, Michigan 48226.

2. S3 alleges on information and belief that Defendant S3 Connections LLC is a limited liability company with its principal place of business at 91 Ashley Rd, Edison, NJ 08817.

## JURISDICTION AND VENUE

3. This action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1121, and related state law. This Court has subject matter jurisdiction over Plaintiff's federal claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a)–(b). The Court has supplemental subject matter jurisdiction over Plaintiff's state claim under 28 U.S.C. § 1367 because that claim is so related to the federal claims that it forms part of the same case or controversy.

4. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant purposefully directed activities toward the State of Michigan, the claims in this action arise out of or relate to those activities, and Defendant's minimum contacts with Michigan render exercising jurisdiction consistent with due process. Those contacts include advertising Defendant's services

into the State of Michigan using the infringing mark described below, and recruiting employees located nationwide, which by definition includes Michigan.

5. Venue is proper in this Court because a substantial part of the events alleged below occurred in this District, including Defendant's infringement of S3's marks as alleged below and the resulting harm Defendants are causing S3.

## GENERAL ALLEGATIONS

6. S3 was founded in 1990 by Cynthia Pasky, a Detroit native who launched S3 with just one office and a small team. Detroit at the time was facing deep economic challenges, and Ms. Pasky built the company around four guiding principles: (1) setting high standards for corporate behavior; (2) creating jobs; (3) enabling personal success; and (4) giving back to that community.

7. Today, S3 is a global IT consulting and business services corporation that delivers staff augmentation, total workforce management programs, outsourced solutions and direct hire recruiting with industry expertise in financial services, energy and utilities, oil, healthcare and insurance, telecommunications and retail distribution.

8. For more than 35 years, Plaintiff has provided services under the marks S3 and $S^3$. It has spent millions of dollars advertising its services in connection with the marks, and consumers associate the marks with those services, and with Plaintiff. As a result, Plaintiff has established nationwide common-law rights in and to the

3

marks S3 and S$^3$. Those common-law rights are referred to below as the "Common-Law S3 Marks."

9. Additionally, Plaintiff owns multiple federal trademark registrations for the mark S3 and related marks covering staffing, employment, and information technology services, among others. These registrations include:

    a. U.S. Reg. No. 2,426,259 (the "'259 Registration"), for the standard-character mark S$^3$ for "temporary employment services for long term and extended placement of jobs relating to use of computers" in Class 35 and "information technology consulting" in Class 42, registered February 6, 2001;

    b. U.S. Reg. No. 4,235,949 (the "'949 Registration"), for the standard-character mark S3 for IT integration and related information technology services in Class 42, registered November 6, 2012; and

    c. U.S. Reg. No. 5,831,347 (the "'347 Registration"), for the standard-character mark S3 covering extensive service offerings in Classes 35, 41, and 42, including vendor management; employment agency, recruiting, staffing, and career networking services; business process outsourcing; training services; IT integration; software development; and managed IT services, registered August 13, 2019.

10. The '259, '949, and '347 Registrations, copies of which as attached as Exhibits A through C, are each incontestable. The marks depicted in those

4

registrations are referred to collectively below as "the Registered S3 Marks." The term "S3 Marks" refers collectively to the Registered S3 Marks and the Common-Law S3 Marks.

11. Plaintiff has continuously used the Registered and Common-Law S3 Marks in interstate commerce for decades, and has built substantial goodwill in staffing, recruiting, information technology, and related services identified in the registrations.

12. Defendant has adopted and is using in commerce the marks S3 and S3 CONNECTIONS ("Infringing S3 Marks"), including in advertising, marketing, websites, social media, and business communications, for staffing, recruiting, consulting, technology, and/or related services. These services are identical to or closely overlapping with the services Plaintiff provides under the S3 Marks. On information and belief, Defendant was incorporated in 2021, decades after Plaintiff began using, and established goodwill, in the S3 Marks, and after S3 obtained its federal trademark registrations.

13. Defendant's use of the Infringing S3 Marks is confusingly similar to the S3 Marks and is likely to cause consumer confusion, mistake, or deception as to source, sponsorship, affiliation, or approval, particularly given the identity and close relationship of the parties' services, channels of trade, and target consumers.

14. Plaintiff first put Defendant on notice of its infringement by a letter

dated January 26, 2026. Defendant ignored Plaintiff's repeated demands that it cease and desist from its infringing activities, and continues to willfully infringe.

## COUNT I – INFRINGEMENT OF REGISTERED S³ MARK
## (U.S. REG. NO. 2,426,259)

15. Plaintiff repeats, realleges, and incorporates by reference the allegations of paragraphs 1 through 14 of this Complaint as though set forth fully here.

16. Defendant has adopted and is using in commerce the Infringing S3 Marks including in advertising, marketing, websites, social media, and business communications, for staffing, recruiting, consulting, technology, and/or related services identical to or closely overlapping with services Plaintiff provides under the $S^3$ mark depicted in the '259 Registration.

17. Defendant's use of the Infringing S3 Marks is confusingly similar to the $S^3$ mark depicted in the '259 Registration, and is likely to cause consumer confusion, mistake, or deception as to source, sponsorship, affiliation, or approval, particularly given the identity and close relationship of the parties' services, channels of trade, and target consumers.

18. Defendant's infringement is willful and deliberate, rendering this an exceptional case under 15 U.S.C. § 1117(a) and entitling Plaintiff to an award of reasonable attorneys' fees.

19. As a result of Defendant's infringement, Plaintiff is entitled to an award of Defendant's profits, Plaintiff's actual damages, and, due to willfulness, trebling or enhancement under 15 U.S.C. § 1117(a).

20. Defendant's acts have caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff's goodwill and reputation and loss of control over its valuable mark. Monetary damages alone are inadequate to compensate Plaintiff for this harm. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

## COUNT II – INFRINGEMENT OF REGISTERED S3 MARK
## (U.S. REG. NO. 4,235,949)

21. Plaintiff repeats, realleges, and incorporates by reference the allegations of paragraphs 1 through 20 of this Complaint as though set forth fully here.

22. Defendant has adopted and is using in commerce the Infringing S3 Marks, including in advertising, marketing, websites, social media, and business communications, for staffing, recruiting, consulting, technology, and/or related services identical to or closely overlapping with or proximate to the services Plaintiff provides under the S3 mark depicted in the '949 Registration.

23. Defendant's use of the Infringing S3 marks is confusingly similar to the S3 mark depicted in the '949 Registration and is likely to cause consumer confusion, mistake, or deception as to source, sponsorship, affiliation, or approval, particularly

7

given the identity and close relationship of the parties' services, channels of trade, and target consumers.

24. Defendant's infringement is willful and deliberate, rendering this an exceptional case under 15 U.S.C. § 1117(a) and entitling Plaintiff to an award of reasonable attorneys' fees.

25. As a result of Defendant's infringement, Plaintiff is entitled to an award of Defendant's profits, Plaintiff's actual damages, and, due to willfulness, trebling or enhancement under 15 U.S.C. § 1117.

26. Defendant's acts have caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff's goodwill and reputation and loss of control over its valuable mark. Monetary damages alone are inadequate to compensate Plaintiff for this harm. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

### COUNT III – INFRINGEMENT OF REGISTERED S3 MARK (U.S. REG. NO. 5,831,347)

27. Plaintiff repeats, realleges, and incorporates by reference the allegations of paragraphs 1 through 26 of this Complaint as though set forth fully here.

28. Defendant has adopted and is using in commerce the Infringing S3 Marks, including in advertising, marketing, websites, social media, and business communications, for staffing, recruiting, consulting, technology, and/or related

services identical to or closely overlapping with the services under the S3 mark depicted in the '347 Registration.

29. Defendant's use of the Infringing S3 Marks is confusingly similar to Plaintiff's S3 mark and is likely to cause consumer confusion, mistake, or deception as to source, sponsorship, affiliation, or approval, particularly given the identity and close relationship of the parties' services, channels of trade, and target consumers.

30. Defendant's infringement is willful and deliberate, rendering this an exceptional case under 15 U.S.C. § 1117(a) and entitling Plaintiff to an award of reasonable attorneys' fees.

31. As a result of Defendant's infringement, Plaintiff is entitled to an award of Defendant's profits, Plaintiff's actual damages, and, due to willfulness, trebling or enhancement under 15 U.S.C. § 1117(a).

32. Defendant's acts have caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff's goodwill and reputation and loss of control over its valuable mark. Monetary damages alone are inadequate to compensate Plaintiff for this harm. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

## COUNT IV – FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

33. Plaintiff repeats, realleges, and incorporates by reference the allegations of paragraphs 1 through 32 of this Complaint as though set forth fully

here.

34. Defendant's use of the mark Infringing S3 Marks constitutes a false designation of origin and unfair competition, creating a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services, in violation of 15 U.S.C. § 1125(a).

35. As a result of Defendant's infringement, Plaintiff is entitled to an award of Defendant's profits, Plaintiff's actual damages, and, due to willfulness, trebling or enhancement under 15 U.S.C. § 1117(a), together with pre- and post-judgment interest and taxable costs.

36. Defendant's conduct is willful and deliberate, rendering this an exceptional case under 15 U.S.C. § 1117(a) and entitling Plaintiff to an award of reasonable attorneys' fees.

37. Defendant's acts have caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff's goodwill and reputation and loss of control over its valuable S3 Marks. Monetary damages alone are inadequate to compensate Plaintiff for this harm. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

## COUNT V – TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER MICHIGAN COMMON LAW

38. Plaintiff repeats, realleges, and incorporates by reference the allegations of paragraph 1 through 37 of this Complaint as though set forth fully here.

39. Plaintiff owns longstanding rights and substantial goodwill in the Common-Law S3 Marks, as evidenced by decades of continuous use of the marks in connection with staffing, recruiting, training, and information technology–related services. Plaintiff's rights long predate Defendant's adoption of the Infringing S3 Marks.

40. Defendant has used and continues to use within Michigan and in interstate commerce the confusingly similar Infringing S3 Marks in connection with staffing, recruiting, consulting, technology, and/or related services that are identical to or overlap with Plaintiff's services, including through advertising, websites, social media, and business solicitations directed or available to customers in this District.

41. Defendant's use of the Infringing S3 Mark is likely to cause confusion, mistake, or deception among prospective and actual customers, vendors, and other market participants, including confusion as to whether Defendant is Plaintiff, is affiliated with Plaintiff, or is sponsored or approved by Plaintiff.

42. Defendant's conduct further constitutes unfair competition under Michigan common law, including passing off and misappropriation of Plaintiff's

11

reputation and goodwill, by falsely suggesting an association with or endorsement by Plaintiff and trading on the notoriety and goodwill symbolized by the Common-Law S3 Marks.

43. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and will continue to suffer damages, including loss of sales and opportunities, harm to reputation and goodwill, and loss of control over its valuable marks and name.

44. Defendant's conduct has been willful, deliberate, and in bad faith, undertaken with knowledge of Plaintiff's rights and in conscious disregard of them, warranting enhanced relief.

45. Defendant's acts have caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff's goodwill and reputation and loss of control over its valuable S3 Marks. Monetary damages alone are inadequate to compensate Plaintiff for this harm. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

## PRAYER FOR RELIEF

**THEREFORE,** Plaintiff requests judgment as follows:

1. A preliminary and permanent injunction pursuant to 15 U.S.C. § 1116 and Michigan common law, enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of

them from: (a) using the marks S3, S³, S3 CONNECTIONS, or any other mark, trade name, domain name, social media handle, metatag, keyword, or designation that is identical or confusingly similar to Plaintiff's S3 Marks; (b) representing in any way that Defendant, its goods, or its services are affiliated with, sponsored by, or approved by Plaintiff; and (c) otherwise engaging in any acts of trademark infringement, false designation of origin, or unfair competition with Plaintiff; and requiring affirmative corrective actions, including the immediate cessation and removal of infringing designations from websites, social media, online directories, advertising, and marketing materials, and written notice to customers and vendors of the cessation of such use.

2. An order pursuant to 15 U.S.C. § 1118 directing the destruction or sufficient alteration of all labels, signs, prints, packages, advertisements, promotional and marketing materials, business forms, brochures, letterhead, invoices, catalogs, digital files, templates, and any plates, molds, matrices, or other means of making the same, in Defendant's possession, custody, or control that bear or display any infringing or confusingly similar designation.

3. An order requiring the transfer and assignment to Plaintiff, at Defendant's expense, of any domain names, social media usernames/handles, and other online identifiers that incorporate "S3" (alone or with other terms) or any

confusingly similar variation, together with execution of all documents necessary to effectuate such transfer and to remove or redirect associated content.

      4.      An order requiring an accounting of, and a monetary award of, Defendant's profits attributable to the infringement and unfair competition, together with pre-judgment and post-judgment interest, pursuant to 15 U.S.C. § 1117(a) and applicable Michigan law.

      5.      An award of Plaintiff's actual damages, including but not limited to damages for lost sales, loss of goodwill, and corrective advertising, enhanced and/or trebled as permitted by 15 U.S.C. § 1117(a) due to the willful nature of Defendant's misconduct, and exemplary/punitive damages to the extent available under Michigan common law.

      6.      A finding that this is an exceptional case within the meaning of 15 U.S.C. § 1117(a), and that Plaintiff therefore is entitled to its reasonable attorneys' fees.

      7.      Restitution and disgorgement of all amounts by which Defendant has been unjustly enriched.

      8.      An order directing Defendant to recall from the channels of trade any materials bearing the infringing designations and to issue corrective statements sufficient to dispel consumer confusion, as the Court deems appropriate.

      9.      An award to Plaintiff of its reasonable expenses and costs of suit.

10. Such other and further legal and equitable relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: March 10, 2026

Honigman LLP

By: */s/ Brian K. Brookey*
Brian K. Brookey
1440 New York Ave NW
Suite 200
Washington, DC 20005-2111
202-844-3390
bbrookey@honigman.com

Amanda Blackburn
101 North Main Street
8th Floor, Suite 850
Ann Arbor, MI 48104
734-418-4226
ablackburn@honigman.com